UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| FRANKLIN IRVIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 7:14-cv-00660-MHH-JEO |
| ) | |
| WILLIE THOMAS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

In a report that he filed on April 20, 2016, the magistrate judge recommended that the Court grant defendant Julie Sanders's motion for summary judgment on plaintiff Franklin Irvin's Eighth Amendment claim for deliberate indifference to his medical needs. (Doc. 33). The magistrate judge also recommended that the Court decline to exercise supplemental jurisdiction over Mr. Irvin's state law claims. (*Id*., at 16). After the magistrate judge granted Mr. Irvin's motion for an extension of time to respond to the report and recommendation, Mr. Irvin filed objections to the report on May 27, 2016. (Doc. 36).

When a party objects to a report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(B)-(C). The Court reviews *de novo* legal conclusions in a report and

reviews for clear error factual findings to which no objection is made. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993); *see also LoConte v. Dugger,* 847 F.2d 745, 749 (11th Cir. 1988); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006). A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

In his objections to the magistrate judge's report and recommendation, Mr. Irvin argues that he was not able to obtain evidence to oppose Ms. Sanders's motion for summary judgment because the magistrate judge denied his (Mr. Irvin's) motion for discovery. (Doc. 36, pp. 2-3). The Court overrules this objection because Ms. Sanders placed Mr. Irvin's relevant medical records in the court record (Doc. 23-1, pp. 7-21), and Mr. Irvin has neither identified medical records that he contends are missing from the records that Ms. Sanders submitted nor explained how additional records would enable him to identify a disputed issue of material fact.

In considering Mr. Irvin's motion for production of documents (Doc. 28), the magistrate judge noted that Mr. Irvin sought medical records supporting his claim that he had "keep on person" orders for his medication. (Doc. 31, p. 1). Because this fact was not a disputed, the magistrate judge found the request for such records to be moot. (*Id*.) Mr. Irvin also sought medical records pertaining to

2

his diagnosis of rectal cancer in 2014. (Doc. 28 at 2-3; *see also* Soc. 10). Because that diagnosis has no bearing on the issues in this case pertaining to the distribution of inhalers in the fall of 2013, the magistrate judge properly denied that portion of Mr. Irvin's request for discovery. (Doc. 31, p. 2).

Mr. Irvin also argues that the Court should not accept the magistrate judge's recommendation because Mr. Irvin believes that the magistrate judge misapplied the summary judgment standard. (Doc. 36, p. 3). Mr. Irvin asserts that the proper standard of review is the one that the Supreme Court applied in *Brown v. Plata*, 563 U.S. 493 (2011), because "all factual issues in the plaintiff's case . . . should be reviewed in light of all possible facts and evidence . . . ." (Doc. 36, p. 3). *Brown v. Plata* did not address the appropriate summary judgment standard. Instead, in that case, the Supreme Court considered whether two separate three judge panels had the authority under the Prison Litigation Reform Act, specifically 18 U.S.C. § 3626, to order that the California prison population be reduced. *Brown*, 563 U.S. at 499.

Mr. Irvin's reliance on *Chapman v. AI Transport*, 229 F.3d 1012 (11th Cir. 2000) and *Caldwell v. Warden FCI, Talladega*, 748 F.3d 1090 (11th Cir. 2014), also is misplaced. Neither case requires the Court to consider the facts set forth by the plaintiff "in light of all possible facts and evidence." (Doc. 36, p. 3). Rather, both *Chapman* and *Caldwell* require the Court to "view all the evidence and draw

all reasonable inferences in the light most favorable to the non-moving party." *Chapman*, 229 F.3d at 1023; *Caldwell,* 748 F.3d at 1098. The magistrate judge did just that in his report and recommendation. (*See* Doc. 33, pp. 3, 5).

Finally and somewhat related to his second argument, Mr. Irvin asserts that nurse "Ms. Julie Sanders did not show any evidence in the Special Report that the said inhalers was not there." (Doc. 36 at 3). The defendant does not have to prove a negative. Mr. Irvin's medical records demonstrate that the inhalers had been ordered, but they had not arrived, so Ms. Sanders had no inhaler to give Mr. Irvin. (Doc. 33 at 12). As stated in the report and recommendation, "the plaintiff's mere belief that defendant Sanders actually had the prescriptions in question and refused to provide them to him is insufficient to demonstrate deliberate indifference to the plaintiff's serious medical needs." (Doc. 33 at 12) (citations omitted).[1]

Having reviewed the materials in the court file, including the report and recommendation and Mr. Irvin's objections to the report, the Court adopts the magistrate judge's report and accepts his recommendation. The Court finds that there are no genuine issues of material fact, and Ms. Sanders is entitled to judgment as a matter of law on Mr. Irvin's Eighth Amendment claim. The Court also accepts the magistrate judge's recommendation that the Court should dismiss

---

[1] Moreover, the record demonstrates that Mr. Irvin did not use the inhalers that he had. (Doc. 23-1, p. 10; *see also* Doc. 23-1, p. 15).

4

Mr. Irvin's state law claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3).[2]

The Court denies Mr. Irvin's request for a hearing. (Doc. 36, p. 4). The Court will enter a separate final judgment.

    **DONE** and **ORDERED** this August 11, 2016.

                              _____
                              **MADELINE HUGHES HAIKALA**
                              UNITED STATES DISTRICT JUDGE

---

[2] If he wishes to pursue his state law claims in state court, Mr. Irvin should consult 28 U.S.C. § 1367 to familiarize himself with the deadline for filing a claim in state court.